UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EUGENE TODD NUNLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 23-CV-0380-CVE-JFJ |
| | ) |
| GENTNER F. DRUMMOND,[1] | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner Eugene Todd Nunley, appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment entered against him in the District Court of Tulsa County, Case No. CF-2015-4807. Respondent Gentner F. Drummond has moved to dismiss the petition, arguing that Nunley failed to file it within the one-year limitations period prescribed in 28 U.S.C. § 2244(d)(1) and, in the alternative, that Nunley's petition contains two unexhausted claims, in contravention of 28 U.S.C. § 2254(b)(1). Having considered the petition (Dkt. # 1) and respondent's motion to dismiss (Dkt. # 5) and brief in support (Dkt. # 6),[2] the Court grants in part and denies in part respondent's motion; dismisses the petition with prejudice, as to

---

[1] Respondent represents that Nunley currently is in federal custody serving a 100-month federal sentence that runs concurrently with his thirty-year state sentence in Case No. CF-2015-4807. Dkt. # 6, at 8 n.1, 9 n.4; see also United States v. Nunley, N.D. Okla. Case No. 21-CR-0271-CVE-1. The Court therefore substitutes Nunley's current state custodian, Oklahoma Attorney General Gentner F. Drummond, in the place of Steven Harpe, as party respondent. See Rule 2(b), Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is not yet in custody—but may be subject to future custody—under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered."); Advisory Committee Notes to Rule 2, Rules Governing Section 2254 Cases in the United States District Courts ("[T]hese rules contemplate that a petitioner currently in federal custody will be permitted to apply for habeas relief from a state restraint which is to go into effect in the future.").

[2] Nunley did not file a response to the motion to dismiss.

claims one, two, and part of claim three as those claims are barred by the one-year statute of limitations; and denies the petition as to that part of claim three asserting a Fourteenth Amendment due process violation arising from the state district court's reinstatement of Nunley's judgment following state postconviction proceedings.

I.   BACKGROUND

Nunley was convicted pursuant to a guilty plea on October 12, 2016, of rape in the first degree, in violation of OKLA. STAT. tit. 21, § 1115. Dkt. # 6-1, at 1.[3]  The state district court sentenced Nunley to thirty years of imprisonment, with credit for time served. Id.  Nunley did not move to withdraw his plea within ten days of sentencing, a precondition to seeking direct review of his conviction and sentence through a certiorari appeal with the Oklahoma Court of Criminal Appeals ("OCCA"). See Clayton v. Jones, 700 F.3d 435, 441 (10th Cir. 2012) (discussing appeal process in Oklahoma for defendants who plead guilty and noting that defendant must move to withdraw guilty plea within ten days if defendant intends to appeal).

Nunley subsequently filed three applications for postconviction relief on November 16, 2017, February 13, 2020, and March 16, 2021. Dkt. # 6-2; Dkt. # 6-7; Dkt. # 6-11.  Nunley's first two applications were unsuccessful.  However, the state district court granted Nunley's March 16, 2021, application, in which Nunley argued that, pursuant to McGirt v. Oklahoma, 591 U.S. ___, 140 S. Ct. 2452 (2020), the State of Oklahoma lacked prosecutorial authority to convict him because he is an Indian and the crime took place in Indian Country. Dkt. # 6-11.  The state district court vacated Nunley's judgment on May 19, 2021; dismissed his case; and ordered him released from state custody. Dkt. # 6-14.  A few months later, however, the OCCA determined in State ex rel. Matloff v. Wallace, 497 P.3d 686 (Okla. Crim. App. 2021), that McGirt did not apply

---

[3] The Court's citations refer to the CM/ECF header pagination.

retroactively to convictions that were final at the time McGirt was decided.  In view of this new ruling, the state district court filed an order on September 29, 2021, granting the state's motion to vacate the May 19, 2021, order that granted Nunley postconviction relief; reinstating Nunley's judgment; and ordering Nunley to be "recommitted" pursuant to the reinstated judgment. Dkt. # 6-21.  On December 3, 2021, after a hearing and supplemental briefing, the state district court filed a second "order of vacatur," presumably reaffirming its decision to reinstate Nunley's judgment.  Dkt. # 6-10, at 7.[4]

Six days later, Nunley filed a notice of postconviction appeal in state district court.  Id.  On December 22, 2021, Nunley filed a petition for writ of extraordinary relief in the OCCA, in Case No. PR-2021-1485.  Dkt. # 6-22.[5]  In that petition, Nunley argued, in part, that reinstating his judgment and sentence violated his due process rights under the Fourteenth Amendment.  Id. at 15-16.  The OCCA denied Nunley's petition on April 18, 2023.  See Docket Sheet, Nunley v. Smith, OCCA Case No. PR-2021-1485, https://www.oscn.net/dockets/GetCase

---

[4] Respondent did not submit a copy of the December 3, 2021, order of vacatur, but the state district court docket sheet indicates there may have been a hearing and/or supplemental briefing before the state district court issued the December 3, 2021, order.  Dkt. # 6-10, at 7.

[5] It is not clear from the record whether Nunley perfected a postconviction appeal after he filed a notice of intent to appeal.  Based on representations in respondent's brief and the record, it appears that Nunley asserted his Fourteenth Amendment due process claim challenging the reinstatement of his judgment only in his petition for extraordinary relief.  Dkt. # 6, at 14-15, 21.

Information.aspx?db=appellate&number=PR-2021-1485&cmid=132061, last visited June 21, 2024.[6]

Nunley filed his federal habeas petition on September 1, 2023, alleging that (1) he received ineffective assistance of counsel; (2) he "wasn't provided all [his] evidence in court"; and (3) the state lacked "jurisdiction over [his] case," and the order reinstating his judgment violated his Fourteenth Amendment right to due process. Dkt. # 1, at 5, 7, 8.

II.     DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). These events include:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; [and]
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[6] Respondent did not provide this Court with a copy of the OCCA's order denying Nunley's petition. Instead, respondent submitted a copy of the OCCA's November 4, 2022, order denying a writ of prohibition filed by a different defendant, Russell Everett Neasbitt. Dkt. # 6-26. In the Neasbitt case, the OCCA confronted the same circumstances presented in the instant case— namely, a criminal defendant who was granted postconviction relief based on McGirt and released from state custody, and a state district court that issued a post-Wallace ruling granting the state's request to vacate the order granting relief, despite the state's failure to file a postconviction appeal, and reinstating the defendant's conviction. Id. In the Neasbitt case, the OCCA concluded that "the District Court retained jurisdiction to vacate or modify its previous order granting post-conviction relief because dismissal of Petitioner's judgment and sentence was unauthorized under Oklahoma law." Id. at 6. Respondent asserts that the OCCA relied on the same reasoning in the Neasbitt case to reject Nunley's petition. Dkt. # 6, at 15.

28 U.S.C. § 2244(d)(1)(A)-(D).  The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D).  See Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000).  Critically though, "§ 2244(d)(1) should be applied on a claim-by-claim basis."  Prendergast v. Clements, 699 F.3d 1182, 1187 (10th Cir. 2012); see also Pace v. DiGuglielmo, 544 U.S. 408, 416 n.6 (2005) ("[Section] 2244(d)(1) provides that a '1–year period of limitation shall apply to an application for a writ of habeas corpus.' (Emphasis added.) The subsection then provides one means of calculating the limitation with regard to the 'application' as a whole, § 2244(d)(1)(A) (date of final judgment), but three others that require claim-by-claim consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D) (new factual predicate).").

Respondent contends the petition is untimely under § 2244(d)(1)(A) and that Nunley has not shown entitlement to a later commencement date under § 2244(d)(1)(B), (C), or (D).

    a.  Section 2244(d)(1)(A)

The Court finds that most claims are untimely.  Applying § 2244(d)(1)(A), the one-year limitations period for Nunley to file a habeas petition, asserting constitutional claims challenging his custody under the judgment imposed against him in 2016, began to run on the date on which his conviction became final.  Nunley was afforded ten days from October 12, 2016, the date of his judgment and sentence, to initiate a direct appeal by requesting the withdrawal of his guilty plea.  See Okla. Crim. App. R. 4.2(A); Clayton, 700 F.3d at 441.  Nunley failed to do so, and his

judgment therefore became final on October 24, 2016.[7] The one-year limitations period for seeking federal habeas relief began to run the following day, on October 25, 2016, and expired one year later, on October 25, 2017. See Harris v. Dinwiddie, 642 F.3d 902, 906 n.6 (10th Cir. 2011). Absent statutory or equitable tolling, § 2244(d)(1)(A) bars Nunley's September 1, 2023, federal habeas petition, as to the claims asserted in grounds one, two, and that part of claim three asserting that the state district court lacked jurisdiction over his prosecution because those claims were available to him during the period when he could have sought direct review of his judgment.

Under 28 U.S.C. § 2244(d)(2), the limitations period is statutorily tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). This statutory tolling provision, however, does not apply to state petitions for postconviction relief filed beyond the one-year limitation period prescribed by the AEDPA. Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006). Nunley's applications for postconviction relief were filed after October 25, 2017. Accordingly, to the extent § 2244(d)(1)(A) provides the applicable one-year limitations period for his claims, none of his postconviction proceedings serves to toll that limitations period.

While the one-year statute of limitations also may be subject to equitable tolling, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Nunley has not argued that he is entitled to equitable tolling, and the record before the Court does not demonstrate such entitlement as to those claims that are subject to the limitations period provided in § 2244(d)(1)(A). See Yang v. Archuleta, 525

---

[7] Ten days from October 12, 2016, was Saturday, October 22, 2016. Because this date fell on a day when the OCCA's Clerk's office was closed, the filing due date was the following Monday, October 24, 2016. Rule 1.5, Rules of the Oklahoma Court of Criminal Appeals.

F.3d 925, 928 (10th Cir. 2008) ("An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (alteration omitted) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008))).[8]

Based on the foregoing, the Court concludes that the petition is untimely as to claim one, claim two, and that part of claim three that challenges the state district court's jurisdiction to prosecute Nunley for the crime he committed in Indian country. The Court therefore grants respondent's motion, in part, and dismisses the petition with prejudice, in part, as to these claims.

    b.  Section 2244(d)(1)(D)

The Court finds that part of claim three is timely—namely, that part of claim three alleging that the state violated Nunley's Fourteenth Amendment right to due process by reinstating his judgment in 2021 after an initial grant of postconviction relief that vacated his 2016 judgment. As previously stated, § 2244(d)(1)(D) provides a one-year limitations period that begins on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." As respondent acknowledges, "the predicate for [Nunley's] third claim—that the district court unconstitutionally reinstated his conviction—did not exist at the time his conviction became final." Dkt. # 6, at 22. On the record presented, the earliest date a reasonably diligent petitioner could have discovered the factual predicate for the Fourteenth Amendment due process claim was September 29, 2021, when the state district court issued its first order vacating the grant of postconviction relief and reinstating Nunley's 2016 judgment. Dkt. # 6-21.

Respondent nonetheless contends that § 2244(d)(1)(D) does not apply. Respondent

---

[8] While a petition otherwise subject to dismissal for untimeliness may be heard on the merits upon a proper showing of actual innocence, Nunley does not invoke the actual-innocence doctrine. See McQuiggin v. Perkins, 569 U.S. 383, 392 (2013).

appears to characterize Nunley's Fourteenth Amendment due process claim as challenging only the OCCA's application of state law during his postconviction proceedings and argues that "a habeas court has no power to consider alleged errors arising from state post-conviction proceedings, even constitutional errors." <u>Id.</u> at 22-23.  The United States Court of Appeals for the Tenth Circuit recently rejected this same argument in <u>Graham v. White</u>, 101 F.4th 1199 (10th Cir. 2024).  There, the Tenth Circuit reaffirmed that "habeas relief is unavailable when the error involves only the post-conviction procedures rather than the imposition of the conviction or sentence." <u>Graham</u>, 101 F.4th at 1205.  But the Tenth Circuit also recognized that not all alleged constitutional errors arising from state postconviction proceedings are insulated from federal habeas review.  <u>Id.</u> at 1204-05.  The petitioner in <u>Graham</u>, like Nunley, obtained postconviction relief based on <u>McGirt</u>, was released from state custody, had her judgment reinstated based on <u>Wallace</u>, was ordered to return to state custody under the reinstated judgment, and argued in state court and through a federal habeas petition that the reinstatement of her vacated judgment violated her Fourteenth Amendment right to due process.  <u>Graham</u>, 101 F.4th at 1202-04.  In rejecting the argument that the petitioner in <u>Graham</u> alleged "only a violation of state law and misapplication of post-conviction procedures," the Tenth Circuit reasoned that the petitioner "not only labels her claim as constitutional, but also alleges that it was arbitrary for the state court to jettison the initial order (vacating the convictions)."  <u>Id.</u> at 1204-05.  The Tenth Circuit described the petitioner's complaint as one challenging "the reinstatement of her convictions through the state district court's grant of post-conviction relief to the State" and concluded that "[w]ith the convictions reinstated, [the petitioner] could seek habeas relief just like any other prisoner."  <u>Id.</u> at 1205.

Respondent correctly argues that the state did not challenge the timeliness of the petition in <u>Graham</u>.  Dkt. # 6, at 23-24.  But the issue resolved against the state by the court in <u>Graham</u>,

8

i.e., that a habeas petitioner's Fourteenth Amendment due process claim challenging the reinstatement of judgment that was initially vacated during state postconviction proceedings presents a cognizable federal habeas claim, necessarily undermines respondent's assertion that "the non-cognizable nature of such claims is exactly why courts . . . have found that petitioners raising such claims do not receive a new triggering date under § 2244(d)(1)(D)."  Id. at 24. Admittedly, Nunley's Fourteenth Amendment due process claim is not well-developed.  Dkt. # 1, at 8.  But it is clear from the record that this case involves the same circumstances as those presented in Graham and that Nunley, like the petitioner in Graham, "alleges a denial of due process from the misapplication of state law," "labels [his] claims as constitutional," and is "complaining about the reinstatement of [his] convictions through the state district court's grant of post-conviction relief to the State."  Graham, 101 F.4th at 1204-05.  This Court therefore rejects respondent's argument that § 2244(d)(1)(D) "does not provide [Nunley] a new triggering date" for that part of claim three that alleges a Fourteenth Amendment due process claim based on the reinstatement of his previously vacated judgment.  Dkt. # 6, at 21.

   All that said, the Court finds that the record in this case, as submitted by respondent, is not sufficiently developed for this Court to conclusively determine that that part of claim three is, in fact, timely under § 2244(d)(1)(D).  As previously discussed, the state district court issued two separate orders vacating its initial grant of postconviction relief in Nunley's favor, on September 29, 2021, and December 3, 2021.  The second order followed what appears to be a hearing and supplemental briefing, but respondent did not provide the second order to this Court.  Nunley filed what appears to be a timely notice of intent to file a postconviction appeal after entry of the second order, but it appears that Nunley did not perfect a postconviction appeal and instead filed a petition for an extraordinary writ that was ultimately denied by the OCCA.  Respondent though, also did

9

not provide a copy of the OCCA's order denying Nunley's petition and instead asserts that the OCCA's order relied on the reasoning stated in an order denying the petition of a similarly situated defendant. Given the lack of clarity provided by the record and the briefing on this issue, the Court will assume without deciding that Nunley's Fourteenth Amendment due process claim challenging the reinstatement of his judgment, as asserted in claim three, is timely under § 2244(d)(1)(D). In addition, the Court notes that respondent does not argue that this part of claim three is unexhausted. Dkt. # 6, at 26-28. For these reasons, the Court denies respondent's motion, in part, as to the request to dismiss that part of claim three asserting a Fourteenth Amendment due process claim arising from the reinstatement of Nunley's judgment.

However, as discussed next, the Court finds that Nunley has not shown that habeas relief is warranted as to the Fourteenth Amendment due process claim.

### c. Fourteenth Amendment due process claim

In the timely and exhausted portion of claim three, Nunley asserts that "the district court's order of vacatur re: the dismissal of [his] state conviction violates [his] due process rights under the 14th Amendment." Dkt. # 1, at 8. As factual support for this claim, Nunley states, "The Tulsa County District Court granted my application for PCR on 5.19.21, pursuant to McGirt v. Oklahoma [and] dismissed my state conviction. The court granted the state's motion to vacate the order granting PCR based on OCCA's decision in Matloff v. Wallace, thereby reinstating my state conviction." Id. Accepting as true respondent's assertion that the OCCA rejected this claim based on its reasoning in the Neasbitt case, the Court finds that Graham forecloses relief. When a state appellate court has rejected a constitutional claim on the merits, a petitioner must show, as a precondition to federal habeas relief, that the state appellate court "acted unreasonably in determining the facts or in applying a Supreme Court holding." Graham, 101 F.4th at 1207. Even

granting Nunley the benefit of liberal construction afforded to pro se litigants, Nunley's due process claim falls well short of making these showings. Nunley does not even attempt to show that the OCCA's decision was unreasonable as a matter of fact or a matter of law. In any event, the court in Graham considered and rejected a better developed due process claim involving nearly identical facts and a nearly identical ruling from the OCCA rejecting that claim. Id. at 1205-10. As the Tenth Circuit reasoned in Graham:

> The resulting constitutional issue is whether the state appeals court acted arbitrarily under Oklahoma law in allowing the state district court to modify the initial order after the State's appeal time had expired. [The petitioner] suggests this application of state law was arbitrary. The [OCCA] might or might not have been right in upholding the state district court's power to reinstate the convictions. But at least some fair-minded jurists could reasonably credit the state appeals court's application of [state court precedent]. So the state appeals court had leeway to reject [the petitioner's] characterization of its approach as *arbitrary*. Given that leeway, "fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." Harrington v. Richter, 562 U.S. 86, 102 (2011).

Id. at 1209-10 (alterations added) (emphasis in original). Just as habeas relief was not warranted in Graham, habeas relief is not warranted here because "at least some fair-minded jurists could reasonably credit" the OCCA's application of state court precedent to conclude that the state district court had jurisdiction to modify the initial order granting Nunley state postconviction relief despite the state's failure to timely appeal that order. Id. at 1210; see Dkt. # 6-26, at 6-7 (relying on same state court decisions discussed in Graham to conclude that state district court "retained jurisdiction to vacate or modify its previous order granting post-conviction relief because dismissal of Petitioner's judgment and sentence was unauthorized under Oklahoma law"). The Court therefore denies the petition, in part, as to that part of claim three that asserts a timely and exhausted Fourteenth Amendment due process claim arising from the state district court's reinstatement of Nunley's judgment.

11

III.    CONCLUSION

Based on the foregoing, the Court grants in part and denies in part respondent's dismissal motion (Dkt. # 5); dismisses the petition with prejudice in part, as to claims one and two and that part of claim three alleging that the state lacked jurisdiction to prosecute Nunley for the crime he committed in Indian country because those claims are barred by the one-year statute of limitations; and denies the petition, in part, as to that part of claim three asserting that the state violated Nunley's Fourteenth Amendment right to due process by reinstating his judgment in 2021 following an initial grant of relief in state postconviction proceedings.  In addition, the Court declines to issue a certificate of appealability because the Court finds that no reasonable jurists would debate the procedural dismissal of the petition on statute-of-limitations grounds or the denial of habeas relief as to the timely and exhausted Fourteenth Amendment due process claim.  28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. the Clerk of Court shall note on the record the substitution of Gentner F. Drummond in place of Steven Harpe as party respondent;

2. respondent's motion to dismiss (Dkt. # 5) is **granted in part and denied in part**;

3. the petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice, in part**, as to claims one, two, and part of claim three as those claims are barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations; and is **denied in part**, as to that part of

claim three asserting a Fourteenth Amendment due process claim arising from the reinstatement of Nunley's judgment;

4. a certificate of appealability is **denied**; and

5. a separate judgment shall be entered in this matter.

**DATED** this 15th day of July, 2024.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE